The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

DEAN MARCONI and FRANCO CASELLA, Derivatively on Behalf of FUNKO, INC.

Plaintiff,

v.

ANDREW PERLMUTTER, JENNIFER FALL JUNG, BRIAN MARIOTTI, STEVE NAVE, CHARLES DENSON, DIANE IRVINE, SARAH KIRSHBAUM LEVY, MICHAEL LUNSFORD, JESSE JACOBS, RICHARD PAUL, TREVOR EDWARDS, KEN BROTMAN, and ADAM KRIGER

Defendants,

and,

FUNKO, INC.

Nominal Defendant.

**STIPULATED MOTION TO STAY DERIVATIVE ACTION PENDING RESOLUTION OF RELATED SECURITIES CLASS ACTION**

Case No: 2:26-cv-00715-JNW

Noted for Consideration:
July 21, 2026

WHEREAS, on March 2, 2026, Plaintiffs Dean Marconi and Franco Casella filed the above-captioned derivative action (the “Derivative Action”) on behalf of Nominal Defendant Funko, Inc. (“Funko” or the “Company”) in this Court alleging breach of fiduciary duties, gross mismanagement, waste of corporate assets, and unjust enrichment, as well as violations of Section

14(a) of the Exchange Act against Defendants Andrew Perlmutter, Jennifer Fall Jung, Brian Mariotti, Steve Nave, Charles Denson, Diane Irvine, Sarah Kirshbaum Levy, Michael Lunsford, Jesse Jacobs, Richard Paul, Trevor Edwards, Ken Brotman, and Adam Kriger (the "Individual Defendants" and together with Funko, "Defendants");

WHEREAS, there is an earlier-filed and factually related securities class action filed in the United States District Court for the Western District of Washington that is currently on appeal in the United States Court of Appeals for the Ninth Circuit, captioned *Construction Laborers Pension Trust of Greater St. Louis et al. v. Funko, Inc. et al.*, No. 24-4909 (the "Related Securities Class Action"), in which the plaintiff asserts claims against Funko and Defendants Andrew Perlmutter and Jennifer Fall Jung, alleging causes of action for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder;

WHEREAS, there is substantial overlap between the facts and circumstances relevant to the Derivative Action and the Related Securities Class Action: the cases each involve common alleged misstatements and assert liability under the Exchange Act, and Funko and two Individual Defendants named in the Derivative Action are also defendants in the Related Securities Class Action. The complaint in the Derivative Action references the Related Securities Class Action. ECF No. 1 at 56-57. The Derivative Action and the Related Securities Class Action are also both subject to the special procedures set forth in the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(b(3)(B) (the PLSRA applies "[i]n any action arising under" the Exchange Act). Among others, these procedures include the provision that discovery is automatically stayed pending the resolution of any motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B);

WHEREAS, although they are related, the Related Securities Class Action and the Derivative Action cannot be consolidated into one action, as such consolidation would result in the securities-issuing company—here, Funko—as defendant in the Related Securities Class Action at the same time Plaintiffs purport to assert claims on Funko's behalf as plaintiff in the Derivative Action, *see Deguzman v. Anderson*, 2025 WL 3214994, at *2 (S.D. Cal. Nov. 17, 2025) (noting that "Courts in the Ninth Circuit have declined to consolidate securities class actions with related

shareholder derivative actions" because securities actions allege "violations *against* [the Company] as opposed to *on behalf of* [the Company]") (emphasis in original); *Sanders v. VeriFone Sys., Inc.*, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (holding that consolidation of shareholder derivative action with securities class action "may result in unfair prejudice to the[] additional parties");

WHEREAS, were the Derivative Action and the Related Securities Class Action to proceed in tandem, there would be a risk of inconsistent rulings based on different arguments, deviating case schedules, and divergent discovery protections;

WHEREAS, a stay of the Derivative Action pending resolution of the Related Securities Class Action may inform proceedings in the Derivative Action; and

WHEREAS, the Parties have met and conferred and agree that it is in the best interest of the Parties that the Derivative Action should be stayed pending resolution of the Related Securities Class Action.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1. All proceedings in this Derivative Action, including all deadlines, hearings, and conferences, as well as any discovery, shall be stayed until the Related Securities Class Action is resolved. The Derivative Action is stayed without waiver of any claims, defenses, or objections, including but not limited to any objection to forum or venue, or any defense the claims were not timely made.

**2. The Parties must submit a status report regarding the Related Securities Class Action every 120 days, beginning with the entry of this Order.**

3. Upon the resolution of the Related Securities Class Action, the Parties shall, within fourteen (14) days, meet and confer regarding appropriate next steps to be taken in this Derivative Action and submit a proposed scheduling order to the Court.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

IT IS SO ORDERED.

DATED THIS 21ST DAY OF JULY, 2026.

Jamal N. Whitehead
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated this 16th day of July, 2026.

*/s/ Kiersten Houst*
Legal Practice Specialist